**FILED**

**MAY 2 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*JURY ACTION*

Patrick Lee Bohall
c/o 3900 Dakota Ave. #8
South Sioux City, Nebraska

        Plaintiff,

vs,

UNITED STATES

        Defendant.

Case: 1:07-cv-00940
Assigned To : Kennedy, Henry H.
Assign. Date : 5/21/2007
Description: Pro Se Gen. Civil

)
)
)
)
)
)
)

(PLAINTIFF DEMANDS A TRIAL BY
JURY OF ALL ISSUES SO TRIABLE)

### COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Patrick Lee Bohall, Plaintiff herein, complains of defendant and seeks statutory and, or actual and punitive damages, and for his cause of action, avers:

### I

### INTRODUCTION

1.    This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by defendant's agent, Robert A. Mahon, employee ID # 42-15070, and other unknown agents of the Internal Revenue Service.

2.  This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

3.  Plaintiff, Patrick Lee Bohall, is neither employed by, nor personnel of the defendant, and is a Citizen of Nebraska, a Republic "State of the Union".

4.  Defendant is the UNITED STATES OF AMERICA.

## II

## FACTS

5.  Plaintiff is the subject of an ongoing investigation being conducted by the aforementioned agent of the Internal Revenue Service.

6.  On or about April 23, 2007, Agent Mahon caused a mailing of letters to an unknown number of Plaintiff's business associates. A sample copy of said letter is attached hereto as Exhibit "A". Taxpayer identification numbers and SSN information has been excised by Plaintiff.

7.  As Agent Mahon's letter reflects, by use of the phrase, "The amounts I show are as follows:", that the Internal Revenue Service is unquestionably in possession of the 1099 data Agent Mahon putatively requests confirmation of.

8.  By stating, "We would also like to know the method of payment, whether by check or direct deposit, etc. and the bank name and account number to which the payments were deposited.", Agent Mahon established to the recipient / reader of said letter that Plaintiff is the target of an investigation by the IRS.

9.    Upon information and belief, Agent Mahon's wrongful disclosure of Plaintiff's confidential taxpayer information did not occur as a result of a legitimate investigation, but rather was done to taint the reputation of Plaintiff in the eyes of Plaintiff's business associates who received Agent Mahon's letters.

10.   The wrongful disclosures of Plaintiff's return information, presented as they were by Agent Mahon – in a letter(s) which intentionally discloses that Plaintiff is under IRS investigation, have subjected Plaintiff to substantial defamation within the business community, and caused direct and immediate damage to Plaintiff's business relationships and loss of revenue.

11.   Upon information and belief, Agent Mahon's facial request that the recipient(s) of his letter(s) "Please confirm the amount by year that was paid to this individual and/or his company." was designed to mislead and served only as a false pretense under which Agent Mahon worked to destroy the business reputation of the Plaintiff.

12.   By the use of the phrase "The amounts I show are as follows:", Agent Mahon clearly indicates that he has access to 1099 documentation pertaining to the Plaintiff. Therefore, no ambiguity exists as to the amounts paid to Plaintiff, and Agent Mahon's false need for re-confirmation of such amounts is clearly unnecessary.

13.   By the use of the phrase "The amounts I show are as follows:", Agent Mahon clearly indicates  that he has access to 1099 documentation pertaining to the entity identified as Legacy Financial Services (Legacy). Therefore, no ambiguity exists as to the amounts paid to Legacy, and Agent Mahon's false and intentional attempts at

assignment of Legacy's earnings to Plaintiff are contrary to Agent Mahon's implied admission of possessing 1099 documentation pertaining to Legacy.

14. The 1099 records to which Agent Mahon admits possession are sworn as being true and correct. Therefore, Agent Mahon, admittedly being in possession of the subject 1099 information, did not have any legitimate reason to contact the issuers thereof with his intentionally misrepresentative request for re-confirmation of said records.

15. Agent Mahon failed to protect Plaintiff's confidential taxpayer information from unauthorized disclosure by including Plaintiff's SSN information, without redactions, in an unknown number of letters which he caused to be mailed to an unknown number of Plaintiff business associates.

16. Agent Mahon unlawfully disclosed Plaintiff's confidential taxpayer information by including Plaintiff's SSN information, without redactions, in an unknown number of letters which he caused to be mailed to an unknown number of Legacy's business associates.

17. The wrongful disclosures by Agent Mahon were not in good faith and there existed no good faith in disclosure of confidential return information.

18. Reasonable Internal Revenue Agents can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

19. Agent Mahon did not follow the dictates of section 6103 or the applicable IRS manual provisions with regard to the aforesaid unlawful disclosures.

20. Upon information and belief, Agent Mahon received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

### III

### LEGAL AUTHORITY

21. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

22. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

23. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> "The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof."

24.   The disclosures described above were intentional, negligent, and/or grossly negligent

disclosures of "return information" in violation of Section 6103 and for which

Plaintiff is entitled to statutory and/or actual and punitive damages under § 7431.

## IV

## DAMAGES

25.   Internal Revenue Code section 7431 authorizes damages:

> ...in an amount equal to the sum of—
> (1) the greater of—
> > (A) $1,000 for each act of unauthorized inspection or disclosure of a
> > return or return information with respect to which such defendant is
> > found liable, or
> > (B) the sum of—
> > > (i) the actual damages sustained by the plaintiff as a result of
> > > such unauthorized inspection or disclosure, plus
> > > (ii) in the case of a willful inspection or disclosure or an
> > > inspection or disclosure which is the result of gross negligence,
> > > punitive damages, plus
> > (2) the costs of the action, plus
> > (3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii),
> > reasonable attorneys fees, except that if the defendant is the United States,
> > reasonable attorneys fees may be awarded only if the plaintiff is the prevailing
> > party (as determined under section 7430 (c)(4)).

26.   The illegal disclosures made by Agent Mahon have caused Plaintiff substantial

personal and professional embarrassment, loss of good will, and loss in credit.

27.   The intentional and unlawful disclosures by Agent Mahon entitles Plaintiff to punitive

damages the extent of which at this time cannot be accurately ascertained but which

will be more fully known after the completion of discovery.

28.   Based on the aforesaid unlawful disclosures, Plaintiff is entitled to the costs of the

action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiff requests, after trial of this case, that judgment be entered in his favor against the United States for the recovery statutory / punitive damages, the costs of this action, and such other and further relief to which Plaintiff is entitled.

Dated: May **16**th , 2007

Respectfully submitted,

Patrick Lee Bohall

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Nebraska, personally appeared, Patrick Lee Bohall, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

Notary, State of Nebraska: *Lois M. Schock*

My Commission expires: *Oct. 2, 2010*

*Seal:*

GENERAL NOTARY - State of Nebraska
LOIS M. SCHOCK
My Comm. Exp. Oct. 2, 2010



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
Washington, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

**Person to Contact:**
Bob Mahon  ID# 42-15070
**Telephone Number:**
712-274-7218 (ext 337)

Premier Life & Annuities LLC
1310 Andrews Drive
PO Box 41
Norfolk, NE 68702
Attn: Pat Moore

**Fax Number:**
712-274-2914
**Contact Address:**
3539 Southern Hills Drive
Sioux City, IA 51106
**Date:**
April 23, 2007

RE:  Payments made to Patrick Bohall & Legacy Financial
Services

Dear Pat Moore:

It is our understanding that your companies, Premier Life & Annuities LLC & Premier Senior Marketing, Inc., made payments to Patrick L Bohall, Social Security Number 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 and/or his company Legacy Financial Services, Federal ID Number 47-0792713 during the years 2003, 2004, and 2005. The amounts I show are as follows:

Premier Life & Annuities, LLC:
    2003  $7,935.00 paid to Patrick Bohall — Account Number N/A

    2004  $9,147.00 paid to Patrick Bohall — Account Number N/A

    2005  N/A

Premier Senior Marketing, Inc.:
    2003  $140,717.00 paid to Patrick Bohall — Account Number BOHALLPAT

    2004  $87,549.00 paid to Patrick Bohall — Account Number BOHALLPAT

    2005  N/A

Please confirm the amount by year that was paid to this individual and/or his company. We would also like to know the method of payment, whether by check or direct deposit, etc. and the bank name and account number to which the payments were deposited.

For your convenience I have included a stamped self addressed return envelope for you to provide this information to me.

If you have any questions, please contact me at the number shown above. Thank you for your cooperation and I look forward to hearing back from you.

Sincerely,

*Robert A. Mahon*

Robert A Mahon
Internal Revenue Agent

07 0940

**FILED**

MAY 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Exhibit A

07-940
HHK

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Patrick Lee Bohall

28,856

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Patrick Lee Bohall
c/o 3900 Dakota Ave. #8
South Sioux City, Nebraska 68776
(712) 898-6111

## DEFENDANTS

United States

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00940
Assigned To : Kennedy, Henry H.
Assign. Date : 5/21/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ◉ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| **G. Habeas Corpus/ 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student·Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Complaint for damages for unauthorized disclosure of confidential taxpayer information, pursuant 26 U.S.C. section 7431

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 5.21.07  SIGNATURE OF ~~ATTORNEY OF RECORD~~ PRO SE _(signature)_

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.