RECEIVED

JUN 14 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Patrick Lee Bohall )
c/o 3900 Dakota Ave. #8 ) CASE NO. 1:07-cv-00940 (HHK)
South Sioux City, Nebraska )
 )
 )
Plaintiff, )
 )
 )
vs, ) (PLAINTIFF DEMANDS A TRIAL BY
 ) JURY OF ALL ISSUES SO TRIABLE)
UNITED STATES )
 ) **AMENDED COMPLAINT**
Defendant. )

**AMENDED** COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Patrick Lee Bohall, Plaintiff herein, complains of defendant and seeks statutory and, or actual and punitive damages, and pursuant to his right under Fed. R. Civ. P. Rule 15, hereby amends his complaint as follows, and for his cause of action, avers:

I
INTRODUCTION

1. This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by defendant's agent, Robert A. Mahon, employee ID # 42-15070, and other unknown agents of the Internal Revenue Service.

2. This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code, Venue is proper in this Court under 28 U.S.C. §1391(e).

3. Plaintiff, Patrick Lee Bohall, is neither employed by, nor personnel of the defendant, and is a Citizen of Nebraska, a Republic, "State of the Union".

4. Defendant is the UNITED STATES OF AMERICA.

## II
## FACTS

5. Plaintiff is the subject of an ongoing investigation being conducted by the aforementioned agent of the Internal Revenue Service.

6. On or about April 23, 2007, Agent Mahon caused a mailing of letters to an unknown number of Plaintiff's business associates. A sample copy of said letter is attached hereto as Exhibit "A". Taxpayer identification numbers and SSN information has been excised by Plaintiff.

7. On or about May 7, 2007, Plaintiff requested from defendant's agency, the Internal Revenue Service, verification of disclosures of Plaintiff's confidential return information to Third Party(s) by defendant's agency.

8. Specifically, Plaintiff requested copies of Form(s) 12175, Third Party Contact Report Form. Disclosure personnel from defendant's agency responded to Plaintiff's request with a mailing which contained a cover letter and (30) thirty different Form(s) 12175.

9. Plaintiff's Exhibit "B" is a true and correct copy of the aforesaid response Plaintiff received from defendant's agency.

10. Exhibit "B" is conclusive proof that defendant's agent, Robert A. Mahon, employee ID # 42-15070, disclosed Plaintiff's confidential return information to at least (30) thirty different Third Party(s) on a single day, April 23, 2007.

11. Notably, Agent Mahon's employee number is displayed on all (30) thirty Form(s) 12175, along with his telephone number, including his extension number.

12. Exhibit "B" establishes, by way of defendant's agency records, that defendant's agent Mahon, is responsible for the disclosure of Plaintiff's confidential return information to at least (30) thirty different Third Party(s).

13. Exhibit "A" establishes that all of the aforesaid disclosures were un-warranted and, therefore, unlawful. Agent Mahon incidentally admits within his letter[s] that IRS and, indeed Mahon himself, already possess the information putatively being sought.

14. Upon information and belief, defendant's agent, Mahon, disclosed Plaintiff's confidential return information by way of mailed letters containing language which was substantially similar, and which Agent Mahon mailed, or caused to be mailed, to the (30) thirty different Third Party(s) as revealed by way of Exhibit "B".

15. In a remarkable display of arrogance and contempt for the law, Agent Mahon's letter[s] use of the phrase, "The amounts I show are as follows:". Thus, the fact IRS is in possession of the 1099 data Agent Mahon putatively requests is established. Agent Mahon's disclosures were clearly un-warranted and unlawful.

16. By stating, "We would also like to know the method of payment, whether by check or direct deposit, etc. and the bank name and account number to which the payments were deposited.", Agent Mahon established to the thirty plus recipients / readers of said letters that Plaintiff is the target of an investigation by the IRS.

17. Upon information and belief, Agent Mahon's wrongful disclosure of Plaintiff's confidential return information did not occur as a result of a legitimate investigation, but rather was done to taint the reputation of Plaintiff in the eyes of Plaintiff's business associates who received Agent Mahon's letters.

18. The wrongful disclosures of Plaintiff's return information, presented as they were by Agent Mahon – in letters which intentionally disclose that Plaintiff is under IRS investigation, have subjected Plaintiff to substantial defamation within the business community, and caused direct and immediate damage to Plaintiff's business relationships and loss of revenue.

19. Upon information and belief, Agent Mahon's facial request that the recipients of his letter(s) "Please confirm the amount by year that was paid to this individual and/or his company." was designed to deceive and served only as a false pretense under which Agent Mahon worked to destroy the business reputation of the Plaintiff.

20. By the use of the phrase "The amounts I show are as follows:", Agent Mahon clearly indicates that he has access to 1099 documentation pertaining to the Plaintiff. Therefore, no ambiguity exists as to the amounts paid to Plaintiff, and Agent Mahon's false need for re-confirmation of such amounts is clearly unnecessary.

21. By the use of the phrase "The amounts I show are as follows:", Agent Mahon clearly indicates that he has access to 1099 documentation pertaining to the entity identified as Legacy Financial Services (Legacy). Therefore, no ambiguity exists as to the amounts paid to Legacy, and Agent Mahon's false and intentionally deceptive

attempts at assignment of "Legacy's" earnings to Plaintiff are contrary to Agent Mahon's implied admission of possessing 1099 documentation pertaining to Legacy.

22. The 1099 records to which Agent Mahon admits possession are sworn as being true and correct. Therefore, Agent Mahon, admittedly being in possession of the subject 1099 information, did not have any legitimate reason to contact the issuers thereof with his intentionally deceptive requests for re-confirmation of said records.

23. Agent Mahon failed to protect Plaintiff's confidential return information from unauthorized disclosure by including Plaintiff's SSN, without redactions, in at least (30) thirty letters which he caused to be mailed to Plaintiff business associates.

24. Agent Mahon further unlawfully disclosed Plaintiff's confidential return information by including Plaintiff's SSN, without redactions, in at least (30) thirty letters which he caused to be mailed to "Legacy's" business associates.

25. Agent Mahon's unlawful disclosures cannot possibly be deemed to have been inadvertent. Indeed, Agent Mahon declares to the readers of his letters that he is in possession of all the relevant information he claims to seek from them (the Third Party).

26. The aforesaid wrongful disclosures by Agent Mahon were not in good faith and there existed no good faith in Agent Mahon's disclosures of Plaintiff's confidential return information.

27. Reasonable Internal Revenue Agents can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agent's contrary interpretation is not in good faith.

28. Agent Mahon did not follow the dictates of section 6103 or the applicable IRS manual

provisions with regard to the aforesaid unlawful disclosures.

29. Upon information and belief, Agent Mahon received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

## III
## LEGAL AUTHORITY

30. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

31. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

32. "Taxpayer identity" is broadly defined in Section 6103(b)(6) as follows:

> "The term "taxpayer identity" means the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof."

33. The disclosures described above were intentional, negligent, and/or grossly negligent disclosures of "return information" in violation of Section 6103 and for which Plaintiff is entitled to statutory and/or actual and punitive damages under § 7431.

## IV

## DAMAGES

34. Internal Revenue Code section 7431 authorizes damages:

    ...in an amount equal to the sum of—
    (1) the greater of—
        (A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or
        (B) the sum of—
            (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus
            (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus
    (2) the costs of the action, plus
    (3) in the case of a plaintiff which is described in section 7430 (c)(4)(A)(ii), reasonable attorneys fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430 (c)(4)).

35. The illegal disclosures detailed herein have caused Plaintiff substantial personal and professional embarrassment, loss of good will, and loss in credit. Plaintiff has also suffered substantial damage to his personal and professional reputations.

36. The intentional and unlawful disclosures by Agent Mahon entitles Plaintiff to punitive damages the extent of which at this time cannot be accurately ascertained but which will be more fully known after the completion of discovery.

37. Plaintiff is entitled to statutory damages in the amount of $30,000.00 based on the

unlawful disclosures known at this time.

38. Based on the aforesaid unlawful disclosures, Plaintiff is also entitled to the costs of this action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, Plaintiff requests, after trial of this case, that judgment be entered in his favor in the amount of $30,000.00 against the United States for the recovery of statutory damages. Plaintiff further requests punitive damages that the Court deems appropriate, and the costs of this action.

Dated: June 8, 2007

Respectfully submitted,

*[signature]*

Patrick Lee Bohall

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Nebraska, personally appeared, Patrick Lee Bohall, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

Notary, State of Nebraska: *[signature]*

My Commission expires: 7-27-09

Seal: 

# CERTIFICATE OF SERVICE

I certify that a true and complete copies of the foregoing Amended Complaint was served upon the following by U.S. Mail on June 11, 2007:

Civil Process Clerk
Alberto Gonzales
United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530

and:

Civil Process Clerk
JEFFREY A. TAYLOR
United States Attorney
555 4th Street, N.W.
Judiciary Center Building
Washington, District of Columbia 20001

By: _____
Patrick Lee Bohall