IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK LEE BOHALL,          )
                             )
            Plaintiff,       )
                             )
      v.                     )      Civil No. 1:07-cv-940-HHK
                             )
UNITED STATES,               )
                             )
            Defendant.       )

JOINT MEET AND CONFER STATEMENT

Pursuant to the order for initial scheduling conference of August 9, 2007, Fed R. Civ. P.

26(f), and Local Rule 16.3, Patrick Lee Bohall, Plaintiff *pro se*, and Anne E. Blaess, counsel for

the defendant United States, conferred and prepared this joint statement.  Pursuant to Local Rule

16.3(c), the parties provide the following:

1.  Plaintiff does not believe that this case is likely to be disposed of by dispositive

motions.  The United States believes that this case is likely to be disposed of by dispositive

motions, and recommends that discovery or other matters should await a decision on dispositive

motions.  (See ¶ 6.)

2.  Plaintiff is unsure at this time whether or when he shall join other parties or amend his

pleadings.  The United States will not be joining any other parties and will not be amending its

pleadings.  The parties agree that 26 U.S.C. §§ 6103 and 7431 apply to this case.  The fact

statement attached to this statement contains the relevant facts upon which the parties agree.

3. The parties do not agree to the assignment of the case to a magistrate judge.

4.  The parties agree that there is not a realistic possibility of settling this case.

5.  The parties agree that this case would not benefit from ADR procedures.

6. Plaintiff does not believe that this case can be resolved by motion to dismiss. The United States believes that this case can be resolved by summary judgment. The United States submits that any motions for summary judgment be filed by November 30, 2007, and that any cross-motions, oppositions, and replies be filed in accordance with the time frames provided in the local rules. The United States proposes that a decision on motions for summary judgment would occur on or before January 4, 2007.

7. Neither party stipulates to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Neither party wishes to make any changes in the scope, form, or timing of those disclosures.

8. The parties anticipate that discovery will take approximately 120 days, pursuant to the standard case tracking schedule. The parties have not yet agreed upon whether any limits should be placed on discovery or whether protective orders will be appropriate.

9. The parties do not wish to modify the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The parties do not anticipate taking any depositions of experts.

10. Not applicable.

11. The parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12. The parties do not have a suggested date for the pretrial conference, as the discovery schedule is dependent on the Court's decision on whether discovery should await a decision on the motions for summary judgment.

13. The parties agree that a trial date should be set at the pretrial conference from 30 to

60 days after that conference.

      14.  The parties do not have any other matters that they believe may be appropriate for

inclusion in a scheduling order.

DATE: October 23, 2007              Respectfully submitted,

                               /s/ Patrick Lee Bohall_____
                              Patrick Lee Bohall
                              3900 Dakota Avenue
                              South Sioux City, NE 68776-3696

                              *Plaintiff pro se*

                               /s/ Anne E. Blaess_____
                              ANNE E. BLAESS
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 227
                              Washington, DC 20044
                              Telephone: (202) 616-9806
                              Facsimile: (202) 514-6966
                              Email: Anne.E.Blaess@usdoj.gov

                              *Counsel for the United States*

STATEMENT OF FACTS

1.  On May 21, 2007, Plaintiff, acting *pro se*, filed his complaint.

2.  On June 14, 2007, Plaintiff filed his amended complaint.

3.  Plaintiff bases his cause of action on 26 U.S.C. § 7431, which provides taxpayers with a claim for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes an unlawful disclosure of return information in violation of 26 U.S.C. § 6103.

4.  Plaintiff seeks to recover damages under 26 U.S.C. § 7431 for the disclosure of return information by Internal Revenue Service ("Service") agents, both named and unnamed in the complaint.

5.  On or about April 23, 2007, revenue agent Mahon caused letters to be mailed to a number of Plaintiff's business associates.

6.  The letters disclosed Plaintiff's return information.

7.  On or about May 7, 2007, Plaintiff requested verification from the Service of its disclosures of his return information to third parties by requesting copies of Form(s) 12175, entitled "Third Party Contact Report Form."

8.  By letter dated May 31, 2007, the Service responded to Plaintiff's request by providing copies of the requested third party contact report forms which evidence thirty instances of disclosure of Plaintiff's return information made by defendant's agent Mahon.

### STATEMENT OF THE CASE

Plaintiff brought this suit under 26 U.S.C. § 7431, which provides taxpayers with a claim

for statutory and/or actual and punitive damages against the United States in the event that a

Service agent unlawfully discloses return information in violation of 26 U.S.C. § 6103.

PLAINTIFF'S STATEMENT

Plaintiff, Patrick Lee Bohall, contends that this suit is properly before the Court under

Title 26 § 7431, and argues that he is entitled to statutory damages because defendant's professed

ignorance of the law is not a sustainable excuse for the multitude of wrongful disclosures of

Plaintiff's confidential tax return information. As detailed in Plaintiff's amended complaint,

defendant's agent, Mahon, stated in the subject letters (disclosures) that he / his agency, the IRS,

already possessed the information putatively sought by the subject letters. Thus, agent Mahon's

disclosures cannot be attributed to an attempt to gather information. Nor were agent Mahon's

unlawful disclosures part a collection effort. Agent Mahon's disclosures were made in bad faith.

UNITED STATES' STATEMENT

The United States agrees that this suit was properly brought under 26 U.S.C. § 7431, but

argues that Plaintiff is not entitled to statutory damages under 26 U.S.C. § 7431 because the

Service did not knowingly, or by reason of negligence, disclose Plaintiff's return information in

violation of 26 U.S.C. § 6103.  Specifically, the United States asserts that any disclosures of

Plaintiff's return information by the Service were authorized by 26 U.S.C. § 6103(k)(6) or (h)(4),

and that any such disclosures were made in good faith.  Additionally, if there were any

unauthorized disclosures of Plaintiff's return information, they occurred as a result of a good

faith but erroneous interpretation of 26 U.S.C. § 6103.