UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick Lee Bohall )<br>)<br>PLAINTIFF )<br>)<br>vs. )<br>)<br>United States )<br>)<br>DEFENDANT )<br>)<br>_____ ) | No. 1:07-cv-940 (HHK) |

PLAINTIFF'S MOTION FOR A CONTINUANCE OF SUMMARY JUDGMENT PURSUANT

TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

      Plaintiff, acting by and through counsel, hereby respectfully moves this Court to refuse to grant Defendant's Motion for Summary Judgment, and order a continuance to permit affidavits to be obtained, depositions to be taken, and discovery to be had.  This motion is proper because while there are numerous factual issues in dispute, discovery under the Federal Rules of Civil Procedure has not been permitted as of yet.

      Defendant has stated that Defendant will oppose this motion.  Accompanying this motion is a memorandum of law supporting this motion, a proposed order, declarations of Patrick Bohall and John David Hughes, and an attached exhibit.

      Plaintiff respectfully requests that the Court grant this motion. Plaintiff further requests that the Court order a Scheduling Conference to establish the scope and time-lines for discovery and further briefing. If the Court denies Plaintiff's Rule 56(f) motion, he respectfully requests

that the Court permit him 14 days from the date of the denial order to respond to Defendant's motion for summary judgment.

Respectfully Submitted,

/s/ Jeffrey L. Light_____

Jeffrey L. Light (#485360)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone:(202)277-6213
Fax: (202) 223-5318
Jeffrey.Light@yahoo.com

/s/ John David Hughes_____

John David Hughes (#392234)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone: (202)223-5316
Fax: (202) 223-5318
lawmailhughes@comcast.net

Counsel for Plaintiff

Dated: November 30, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick Lee Bohall       )<br>                                    )<br>           PLAINTIFF   )   No. 1:07-cv-940 (HHK)<br>                                    )<br>     vs.                          )<br>                                    )<br> United States                )<br>                                    )<br>           DEFENDANT )<br>                                    )<br>_____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR A CONTINUANCE OF SUMMARY JUDGMENT PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### INTRODUCTION

Plaintiff Patrick Bohall filed his amended complaint on June 14, 2007. On October 25, 2007, Defendant United States submitted its Motion for Summary Judgment. This Court set a deadline of November 30, 2007 for Plaintiff to respond. Discovery under the Federal Rules has not yet taken place. This motion is appropriate because there is a genuine dispute as to the merits of Plaintiff's claims and the existing record does not permit Plaintiff to oppose Defendant's motion.

### ARGUMENT

a. <u>A Rule 56(f) motion is necessary where the nonmovant has alerted the court to the need for discovery, but where no discovery has taken place.</u>

Summary judgment is a "drastic step which should not be taken lightly." *Greenberg v. FDA*, 803 F.2d 1213, 1219 (D.C. Cir. 1986). It should not be granted unless there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. R. 56(c). Summary judgment will not be granted unless "the plaintiff has had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Plaintiff should generally be given "adequate time for discovery." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988).

Rule 56(f) allows the court to "refuse [an] application for [summary] judgment or . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," if it appears "from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. Pro. R. 56(f). In order to prevent "railroading," the nonmoving party, subject to a premature motion for summary judgment, by filing a Rule 56(f) motion, can expect it to be granted "almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995). "When a party is seeking discovery that is germane to the pending summary judgment motion, it is inequitable to pull out the rug from under them by denying such discovery." *Patterson v. Whitman*, 2003 U.S. Dist. LEXIS 26726 at *11 (D.D.C. Jun. 9, 2003)(quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d. 915, 920 (5th Cir. 1993)).

Plaintiff has alerted the Court to its intention to pursue discovery through its submission of a proposed scheduling order and by statements made by counsel in open court. As in

*Patterson*, "Here, discovery has not yet even begun. It is thus too early to grant defendant's . . . request for summary judgment." *Id.; see also Barry v. United States Capitol Guide Bd.*, 2005 U.S. Dist. LEXIS at *25 (D.D.C. May 5, 2005).

(b) Plaintiff does not presently have the necessary facts to oppose Defendant's motion for summary judgment.

In his amended complaint, Plaintiff has alleged that the IRS violated 26 U.S.C. § 6103 by improperly disclosing his tax return information to third parties. As a general rule, tax return information is confidential. 26 U.S.C. § 6103(a). In its Motion for Summary Judgment, however, Defendant relies on an exception to the rule of confidentiality which allows an agent to disclose such information "in connection with his official duties relating to any . . . civil or criminal investigation . . . to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to" the investigation. 26 U.S.C. § 6103(k)(6). The statute further requires that "such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation." *Id.*

Defendant argues that the disclosures made by Revenue Agent Mahon were authorized. Specifically, Defendant contends that the disclosure to third parties of Plaintiff's return information was necessary to collect information relating to Plaintiff's tax liabilities and returns that was not otherwise available. However, there are no facts in the record which explain why sending letters to Plaintiff's business associates was "necessary" to obtain the information sought by Agent Mahon. Instead of providing facts, Agent Mahon simply states in a conclusory fashion, "It was necessary to make the disclosures of the Plaintiff's return information in the third-party contact letters in order to obtain the information sought." Mahon ¶ 18. Plaintiff believes that Agent Mahon's disclosures were not necessary, but is unable to set forth facts of his own without having an opportunity to conduct any discovery. Bohall ¶ 3.

Defendant further alleges that the information sought by Agent Mahon was not otherwise available. The only facts proffered by Defendant in support of this contention are those contained in ¶¶ 7, 9, 10, 11 of the Mahon Declaration. At most, these four paragraphs establish that Plaintiff was unavailable or unwilling to speak with Agent Mahon on matters pertaining to his pending lawsuit in another case. No facts in the record explain why the information sought was not "otherwise reasonably available." Again, Defendant relies on the mere recital by Agent Mahon that "The information sought in the third-party contact letters is not otherwise reasonably available." ¶ 17. Plaintiff believes that the information was otherwise reasonably available, but does not yet know what information was already available to Agent Mahon. Bohall ¶ 3.

Without discovery, the Court will be left to speculate about: (a) what information the IRS already possessed about Plaintiff's income and alleged tax liabilities; (b) what information the IRS needed to complete its investigation; and (c) what information was available to Agent Mahon. Each of these issues goes to the merits of whether Defendant's disclosures were authorized. In a § 7431 action, summary judgment is improper where the government has failed to set forth facts which establish the necessity of disclosure and the lack of reasonable alternatives. *Barrett v. United States*, 795 F.2d 446 (5th Cir. 1986).

## CONCLUSION

Plaintiff respectfully requests that the Court grant his Rule 56(f) motion to continue summary judgment. Plaintiff further requests that the Court order a Scheduling Conference to establish the scope and time-lines for discovery and further briefing. If the Court denies Plaintiff's Rule 56(f) motion, he respectfully requests that the Court permit him 14 days from the date of the denial order to respond to Defendant's motion for summary judgment.

Respectfully Submitted,

/s/ Jeffrey L. Light

Jeffrey L. Light (#485360)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone:(202)277-6213
Fax: (202) 223-5318
Jeffrey.Light@yahoo.com

/s/ John David Hughes

John David Hughes (#392234)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone: (202)223-5316
Fax: (202) 223-5318
lawmailhughes@comcast.net

Counsel for Plaintiff

Dated: November 30, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1:07-cv-940-HHK |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |

### AFFIDAVIT OF PATRICK LEE BOHALL
### IN SUPPORT OF RULE 56 (F) MOTION

Before me the undersigned authority, on this day personally appeared Patrick Lee Bohall, who, upon oath, deposes and says:

1. I am the Plaintiff in this case, and I reside at 6637 Whispering Creek Drive, Sioux City, IA 51106.

2. The IRS and its agents have exclusive control over evidence and information that I need to prove my case and submit an affidavit challenging the government's asserted Statement of Material Facts which are Not in Dispute. I intend to seek discovery in the form of depositions, interrogatories, requests for admission, and requests for production of documents in order to obtain the requisite information.

3. The following are specific facts for which I do not have the answers, but are known only to the IRS and their agents. These facts will be crucial to my case for the assessment of liability and damages for the disclosure of my tax return information. These facts are:

    a) What information the IRS already possessed about my income and alleged tax liabilities. This information is relevant to determining whether the information sought by the IRS from my business associates was necessary, and whether the IRS had alternative ways of obtaining information about me. I believe this information can be obtained by deposing IRS agents, by the production of written records kept by the IRS in investigating

1

me, by interrogatories, and by requests for admission.

b) What information the IRS needs to know in order to complete its investigation of me, including its purported need to verify information they already possessed about me. Again, this information is relevant to determining whether the information sought by the IRS from my business associates was necessary. I believe this information can be obtained by deposing IRS agents, by the production of directives, manuals, policies, and other documents.

c) What information or data was available to the IRS which it could have used to complete its investigation without contacting my business associates. For example, if the IRS already had information about which bank I use, my account number, and how I was paid, it could have used that information to corroborate the 1099's already in their possession. I believe that this information can be obtained from IRS internal records and documents, and from depositions of IRS revenue agents, special agents, supervisors, group heads, and third party contact coordinators.

4. Special Agent Michael Kobalt sent a Summons to each of the 3rd Party contacts for relevant 1099 information with a notation "criminal investigation."

5. Attached to my affidavit marked "Exhibit A" is a copy of a Summons sent to Wells Fargo Bank, one of the 3rd Party contacts. I do not know what party or parties in the Special Agent's office made the decision to make this disclosure to my business associates.

6. I have received a number of alarming phone calls from the associates upset over the notation in that they are concerned they could be involved in criminal proceedings or that they may be liable for the taxes the agents are alleging I owe. Needless to say, my business with these third party contacts may be in jeopardy.

7. I have no records or information that is known and kept internally by the personnel that I have

2

identified. It seems unfair to me if I do not get my day in court before the relevant facts are known should the government's Motion for Summary Judgment be granted now.

This completes my affidavit.

*Patrick Lee Bohall*
Patrick Lee Bohall

SWORN TO AND SUBSCRIBED BEFORE ME the undersigned authority, by Patrick Lee Bohall, on this 30th day of November, 2007.

*Vicki A. Beers*
Notary Public

My Commission Expires: Aug. 11, 2009

VICKI A BEERS
Notarial Seal - IOWA
Commission No. 742224
My Commission Expires Aug. 11, 2009

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK LEE BOHALL, )
)
      Plaintiff. )
) Civil Action No. 1:07-cv-940-HHK
)
UNITED STATES, )
)
      Defendant, )

### DECLARATION OF J. DAVID HUGHES

I, J. David Hughes, Counsel for Plaintiff, Patrick Lee Bohall, do hereby declare, for and on behalf of Plaintiff:

(1) That the existing record in this matter does not permit Plaintiff to state by affidavit essential to his opposition to Defendant's Motion for Summary Judgment;

(2) Plaintiff is not in possession of documents or other sources of information sufficient to allow him to oppose Defendant's Motion for Summary Judgment;

(3) Defendant has not provided Plaintiff any documents or other sources of information pertaining to this matter apart from Exhibit A through Exhibit J and Declaration of Agent Mahon to Defendant's Memorandum of Law; and

Plaintiff requires formal discovery to respond to Defendant's Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of November, 2007.

                                                                    _____
                                                                    J. David Hughes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick Lee Bohall | ) |
| PLAINTIFF | ) No. 1:07-cv-940 (HHK) |
| vs. | ) |
| United States | ) |
| DEFENDANT | ) |

MOTION FOR A CONTINUANCE OF SUMMARY JUDGMENT PURSUANT TO

RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick Lee Bohall )<br>)<br>  PLAINTIFF )<br>  vs. )<br>)<br>United States )<br>)<br>  DEFENDANT )<br>)<br>_____ ) | No. 1:07-cv-940 (HHK) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion For a Continuance of Summary Judgment, and any opposition and reply filed thereto, it is hereby

ORDERED that Plaintiff's motion is granted; it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment is denied; it is

FURTHER ORDERED that a scheduling conference to establish the scope and timeline for discovery will take place on _____ at _____.

SO ORDERED.

_____

Judge Kennedy
United States District Judge

Please serve:
John David Hughes

Hughes & Associates
1712 Eye Street, N.W.
Suite 915
Washington, D.C. 20006
lawmailhughes@comcast.net

Jeffrey Light
1712 Eye Street, N.W.
Suite 915
Washington, D.C. 20006
jeff@patientsnotpatents.org

Anne E. Blaess
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Anne.E.Blaess@usdoj.gov