IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07-cv-940-HHK |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' OPPOSITION TO
PLAINTIFF'S MOTION FOR CONTINUANCE

On October 26, 2007, the United States filed a fully supported motion for summary judgment. On November 30, 2007, Plaintiff filed a motion for a continuance of summary judgment pursuant to Fed. R. Civ. P. 56(f). The United States opposes Plaintiff's motion and requests that the Court grant the United States' motion for summary judgment.

"Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). As a corollary, rule 56(f) allows the non-moving party to ask the court for discovery prior to responding to the motion if they cannot adequately defend against it. *Id.* While rule 56(f) is to be used to prevent injustice to a party faced with a summary judgment motion, it is also designed to allow a court to avoid abuse of the discovery process. *Catanzaro v. Masco Corp.*, 408 F. Supp. 862, 867 (D. Del. 1976) (citing *Donofrio v. Camp*, 152 U.S. App. D.C. 280 (1972)). Indeed, "[o]ne important advantage sought by

the rules from the summary judgment procedure is to save the parties and the court the time and cost that may be wasted in pursuit of irrelevant facts by discovery." *New America Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1081 (Fed. Cir. 1989).  In the present case, the Court should not allow Plaintiff to conduct discovery because there are no material facts as to which there is a genuine dispute, and the Court should grant the United States' motion for summary judgment because the United States is entitled to judgment as a matter of law.

Plaintiff has alleged that an agent of the Internal Revenue Service violated 26 U.S.C. § 6103 by improperly disclosing Plaintiff's tax return information to third parties by sending out third party contact letters.[1]  The United States has admitted that an agent of the Service sent out such letters.  (Mahon Decl. ¶ 13.)  The United States has also admitted that the letters disclosed Plaintiff's return information.  (*Id.* ¶ 14.)  Indeed, Plaintiff has not shown that he disputes any of the material facts set forth by the United States.  The question before the Court, based upon the facts which the United States has put forth and which Plaintiff has not disputed, is whether the disclosures were authorized under 26 U.S.C. § 6103.

---

[1] In Plaintiff's affidavit he states that Special Agent Michael Kobalt sent a summons to each of the third party contacts for relevant 1099 information related to a criminal investigation.  (Bohall Aff. ¶ 4.)  This is the first time Plaintiff has mentioned such allegations.  Plaintiff also states that he has attached a copy of a summons as Exhibit A to his motion, but the exhibit contains merely a cover sheet.  (*See* Bohall Aff. ¶ 5.)  Plaintiff did not make any mention of these summonses in his complaint or his amended complaint, and the United States requests that the Court ignore such allegations as extraneous to the present issue.

The facts provided in the United States' motion for summary judgment are sufficient to show that the United States is entitled to judgment as a matter of law. For example, Plaintiff agrees that Agent Mahon's declaration establishes that Plaintiff was unavailable or unwilling to speak with Agent Mahon. (Plaintiff's Mot. at 4.) Example 1 of 26 C.F.R. § 6103(k)(6)-1(c)(3) explains that if a revenue agent is conducting an examination of a taxpayer and the taxpayer refuses to cooperate or provide any information to the revenue agent, that revenue agent may seek information from a third party witness because information relating to the taxpayer's examination would be information not otherwise reasonably available because of the taxpayer's refusal to cooperate and supply any information to the revenue agent. Therefore, Plaintiff's claim that no facts in the record explain why the information sought was not otherwise reasonably available is incorrect, and the United States is entitled to judgment as a matter of law.

Plaintiff's affidavit sets forth the issues on which he intends to conduct discovery. Plaintiff argues that the information he looks to discover is relevant to determining whether the information sought by the Service was necessary. (Bohall Aff. ¶ 3.) However, as explained in the case of *Barrett v. United States*, 795 F.2d 446, 451 (5th Cir. 1986), cited by Plaintiff, "in a section 7431 action the court does *not* inquire whether the information sought is necessary: the questions are whether the *disclosures* are 'necessary' to obtain the information sought and whether the information sought is

'otherwise reasonably available.'" (emphasis in original). Therefore, the discovery that Plaintiff intends to conduct would not be relevant to the issues before the court.

Finally, "[t]he intent of Rule 56(f) of the Federal Rules of Civil Procedure is not to open the discovery net to allow a fishing expedition." *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029 (5th Cir. 1983). Plaintiff asks the Court to grant him leave to depose revenue agents, special agents, supervisors, group heads, and third party contact coordinators; request the production of written records kept by the Service; and request the production of directives, manuals, policies, internal records and documents. The United States has already set forth sufficient facts to entitle it to judgment as a matter of law, and allowing Plaintiff to conduct discovery on every aspect of Internal Revenue Service procedure would be unjust.

The United States respectfully requests that the Court deny Plaintiff's motion and grant the United States' motion for summary judgment.

DATE: December 17, 2007                                /s/ Anne E. Blaess
                                                        ANNE E. BLAESS
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        Post Office Box 227
                                                        Washington, DC 20044
                                                        Telephone: (202) 616-9806
                                                        Facsimile: (202) 514-6966
                                                        Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE and proposed ORDER were served via ECF to the following:

    JEFFREY L. LIGHT
    1712 Eye Street, N.W., Suite 915
    Washington, DC 20006

    JOHN DAVID HUGHES
    1712 Eye Street, N.W., Suite 915
    Washington, DC 20006

                                              /s/ Anne E. Blaess
                                              ANNE E. BLAESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:07-cv-940-HHK |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

ORDER

Having considered the United States' motion for summary judgment, memorandum in support thereof, Plaintiff's motion for a continuance of summary judgment pursuant to Fed. R. Civ. P.56(f), and the United States' opposition to Plaintiff's motion for continuance, the Court concludes that the United States' motion for summary judgment ought to be granted.  Accordingly, it its

ORDERED that Plaintiff's motion for a continuance of summary judgment pursuant to Fed. R. Civ. P. 56(f) be DENIED;

ORDERED that the United States' motion for summary judgment be GRANTED;

ORDERED that this case be closed.

_____
UNITED STATES DISTRICT JUDGE