UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick Lee Bohall ) | |
| ) | |
| PLAINTIFF ) | No. 1:07-cv-940 (HHK) |
| ) | |
| vs. ) | |
| ) | |
| United States ) | |
| ) | |
| DEFENDANT ) | |
| ) | |
| _____ ) | |

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A
CONTINUANCE OF SUMMARY JUDGMENT PURSUANT TO RULE 56(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

**INTRODUCTION**

On October 25, 2007, Defendant United States submitted its Motion for Summary

Judgment. Plaintiff moved for a continuance of summary judgment under Rule 56(f) of the

Federal Rules of Civil Procedure ("Motion for Continuance") in order to conduct discovery.

Defendant filed an opposition ("Opposition") to Plaintiff's Motion for Continuance and urged

the Court to grant its Motion for Summary Judgment. Plaintiff now replies.

**ARGUMENT**

I.   DEFENDANT MISSTATES THE STANDARD FOR GRANT OF A
     CONTINUANCE UNDER 56(f).

In its Opposition, Defendant argues that Plaintiff should not be allowed to conduct discovery

because there are no material facts as to which there is a genuine dispute, and because Defendant

is entitled to judgment as a matter of law. Def.'s Opp. 2. This is not the correct standard for ruling on a Rule 56(f) motion. Rule 56(f) is not limited to situations in which the party opposing summary judgment disputes material facts at the time the motion for a continuance is made. Instead, the broad scope of Rule 56(f) allows a party "to use his discovery to obtain the information necessary to show an issue of fact in dispute." Donofrio v. Camp, 470 F.2d 428 (D.C. Cir. 1972). Plaintiff's Motion for Continuance identified several issues of material fact as to which discovery is necessary in order to determine whether or not a genuine dispute exists. These issues include what information the IRS already possessed about Plaintiff's income and alleged tax liabilities; what information the IRS needed to complete its investigation; and what information was available to Agent Mahon. Pl.'s Motion for Continuance 4.

II.   PLAINTIFF SHOULD BE ALLOWED TO CONDUCT DISCOVERY INTO WHETHER DISCLOSURE WAS NECESSARY AND WHETHER THE INFORMATION SOUGHT WAS OTHERWISE AVAILABLE.

As a general rule, tax return information is confidential. 26 USC § 6103(a). Defendant admits that it disclosed Plaintiff's tax return information to third parties, but argues that the disclosure was proper under a statutory exception to the general rule of confidentiality. Def. Opp. 2. That exception allows disclosure of return information in connection with an investigation to the extent that the disclosure is necessary to obtain information, and is not otherwise reasonably available.

Under 26 CFR 6103(k)(6)-1(c)(1), disclosure of return information for investigative purposes is authorized only where the IRS cannot, under the facts and circumstances of the particular case, otherwise reasonably be obtained in accurate and sufficiently probative form, and where it is necessary to make the disclosure in order to obtain the additional information sought. While "a court may not delve into the subjective intent of the IRS agent and whether she had

sufficient justification to seek the information at issue," a court will "ask . . . whether, once the IRS decided it required the information, the disclosures were necessary to obtain the information, and the information was not otherwise reasonably available." Fostvedt v. United States, 824 F. Supp. 978, 984 (D. Colo. 1993) (citations omitted). In this case, the information sought by the IRS was: 1) verifying the amount paid, by year, to Plaintiff; 2) the method of payment; and 3) the name of Plaintiff's bank and his account number. Def. Motion for SJ, Exhibit A "Third Party Contact Letter". Plaintiff did not argue in his Motion for Continuance, and does not argue now, that it was unnecessary for the IRS to obtain this information.

Instead, Plaintiff raises the issues of whether disclosure of his return information was necessary to obtain the information sought by the IRS, and whether the information sought was otherwise reasonably available. Both issues are to be determined "based on the facts and circumstances, at the time of the disclosure." 26 CFR 301.6103(k)(6)-1(c)(1) and (3). It is therefore necessary for Plaintiff to discover what the facts and circumstances were at the time of the disclosure in order to oppose Defendant's Motion for Summary Judgment. See Osijo v. United States, 1999 U.S. Dist LEXIS 4704 (C.D. Calif. Mar. 5, 1999) (granting summary judgment to the United States and faulting Plaintiff for failing to provide "any evidence to create a triable issue of material fact as to whether the information was not reasonably available.")

## CONCLUSION

Plaintiff respectfully requests that the Court grant his Rule 56(f) motion to continue summary judgment. Plaintiff further requests that the Court order a Scheduling Conference to

establish the scope and time-lines for discovery and further briefing. If the Court denies Plaintiff's Rule 56(f) motion, he respectfully requests that the Court permit him 14 days from the date of the denial order to respond to Defendant's motion for summary judgment.

Respectfully Submitted,

/s/ Jeffrey L. Light

Jeffrey L. Light (#485360)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone:(202)277-6213
Fax: (202) 223-5318
Jeffrey.Light@yahoo.com

/s/ John David Hughes

John David Hughes (#392234)

1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone: (202)223-5316
Fax: (202) 223-5318
lawmailhughes@comcast.net

Counsel for Plaintiff

Dated: January 3, 2008

CERTIFICATE OF SERVICE

It is certified that the foregoing REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A CONTINUANCE OF SUMMARY JUDGMENT PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE was served via ECF on the following:

ANNE E. BLAESS
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

                                                    /s/ Jeffrey Light_____
                                                JEFFREY LIGHT